**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-02297-WJM

REBECCA MIRANDA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

    Defendant.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION
AND REMANDING CASE FOR FURTHER PROCEEDINGS**

---

This is a social security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Rebecca Miranda ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security (Defendant or Commissioner), denying her applications for social security disability benefits and supplemental security income. The denial was affirmed by an administrative law judge (ALJ), who ruled Plaintiff was not disabled within the meaning of the Social Security Act (Act).

## I. BACKGROUND

In 2006, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability as of November 25, 2006, when she was 41 years old.[1] She claimed disability due to herniated discs, knee problems, and

---

[1] (Administrative Record "R." at 101-111.)

degenerative disc disease.[2]  Plaintiff has a high school equivalency GED[3] and has worked in the past as a housekeeping cleaner and head or supervisory housekeeper.[4]

Plaintiff's applications were denied on June 5, 2007.[5]  Her claim was heard by an ALJ on August 20, 2008.[6]  Plaintiff and a vocational expert (VE), Marin L. Rauer, testified at the hearing.

On December 23, 2008, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[7]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 25, 2006.  At step two, he found that Plaintiff suffered from the following severe impairments: degenerative disc disease, osteoarthritis, and obesity.  At step three, the ALJ found that Plaintiff's impairments, while severe, did not meet any of the impairments listed in the social security regulations.  At step four, the ALJ found that Plaintiff had the residual

---

[2](*Id.* at 73-78.)

[3](*Id.* at 68, 137.)

[4](*Id.* at 68, 132, 150.)

[5](*Id.* at 75-78.)

[6](*Id.* at 33, 40-72)

[7]The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.)  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

functional capacity (RFC) to perform "light work" as defined in the regulations, except she could lift 15 pounds frequently and 25 pounds occasionally and would need to change positions approximately every two hours. Given this RFC, the ALJ found that Plaintiff could perform her past relevant work as a housekeeping cleaner and supervisory housekeeper.[8] Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and, thus, not entitled to benefits. The Appeals Council denied Plaintiff's request for review on May 7, 2009.[9] Plaintiff then filed this action seeking review of the Commissioner's decision.

## II.  DISCUSSION

### A.  Standard of Review

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the

---

[8] (R. at 36-38.)

[9] (*Id.* at 31-33.)

agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006)  "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

**B.     Analysis**

Plaintiff argues the ALJ erred: (1) by failing to properly evaluate the opinions of Plaintiff's treating physicians; (2) by not finding that Plaintiff's bilateral patellofemoral syndrome was a severe impairment; (3) by failing to properly assess Plaintiff's credibility, *i.e.*, in discrediting Plaintiff's complaints of pain and fatigue; and (4) by failing to properly assess Plaintiff's RFC.

Plaintiff's treating physicians were Doctors Suzanne and Jay Ciotti.  They treated Plaintiff at Cottonwood Holistic Family Health in Durango, Colorado, from 2003 through November 2006.[10]  The record reflects that at various times in 2006, including on November 20–just five days before the alleged onset date–these doctors imposed work restrictions on Plaintiff, and in particular, that she not lift more than five pounds and that she avoid stooping and bending.[11]

These restrictions should have been discussed in the ALJ's assessment of Plaintiff's RFC.  The ALJ, however, failed to do that.  Indeed, the ALJ condensed Plaintiff's relationship with these doctors to thirty-two words:  "During the relevant period

---

[10](R. at 134, 204-245.)

[11](R. at 206, 240-244.)

the various conservative measures were provided.  Generally unremarkable findings were reflected in the treatment notes; occasional tenderness was noted but no deficits in range or motion were apparent."[12]  That will not do.  The Court cannot tell whether the ALJ overlooked these restrictions, ignored them altogether, or what weight, if any, he gave them.  *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see also* SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996) (the ALJ's decision must be sufficiently specific to make clear to any subsequent reviewer the weight that was given to a medical opinion).

Moreover, given the RFC, it appears the ALJ rejected these restrictions. Whereas these two treating physicians restricted Plaintiff to lifting only five pounds, the ALJ determined that Plaintiff could lift 15 pounds frequently and 25 pounds occasionally.[13]  The ALJ is required to give specific, legitimate reasons for rejecting a treating doctor's opinion.  *Watkins*, 350 F.3d at 1301.  Here, the ALJ gave none, and this omission is particularly problematic given the degree to which the ALJ's RFC determination conflicted with the medical opinion of physicians who had treated Plaintiff for a period of more than three years.

Defendant, for his part, does give reasons for the ALJ's implicit rejection of these restrictions.  He suggests, for example, that the ALJ properly rejected these restrictions

---

[12](R. at 37.)

[13](R. at 206, 240-244.)

because the restrictions were temporary.[14]  That may be true. [15]  That, however, does not excuse ignoring them.  *See id.*  Moreover, Defendant is engaging in the type of *post-hoc* rationalization for an ALJ's decision that the Tenth Circuit eschews.  *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ("the district court may not create *post-hoc* rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.").

Given the ALJ's lack of analysis, the Court cannot meaningfully review the ALJ's decision.  Accordingly, the ALJ's decision must be reversed and remanded.  On remand, the ALJ is directed to properly address the opinions and findings of Plaintiff's treating physicians in accordance with the framework described in *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) and 20 C.F.R. §§ 404.1527 and 416.927.

If necessary, the ALJ should recontact these physicians and supplement the record.  *See* 20 C.F.R. § 404.1512(e); *see also McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002).  Doing so would provide an opportunity for the ALJ to reassess the totality of evidence in connection with Plaintiff's claims.  In light of this possibility, the Court will not address Plaintiff's remaining contentions, *i.e.*, that the ALJ failed to consider Plaintiff's bilateral patellofemoral syndrome, failed to properly account for all of Plaintiff's limitations when calculating Plaintiff's RFC, and improperly assessed Plaintiff's credibility.  *Cf. Watkins*, 350 F.3d at 1299 ("We will not reach the remaining issues

---

[14](ECF No. 13 at 17.)

[15](*See e.g.,* R. at 206.)

raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

### III.  CONCLUSION

Based on its review of the record in this case, the Court finds that the ALJ erred by not properly addressing the opinions of Plaintiff's treating physicians.  Accordingly, the determination that Plaintiff is not disabled is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.

Dated this 18th day of April, 2011.

BY THE COURT:

William J. Martínez
United States District Judge