IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02297-WJM

REBECCA MIRANDA,
    Plaintiff,
v.

MICHAEL J. ASTRUE, Commissioner, Social Security Administration
    Defendant.

## ORDER ON MOTION FOR ATTORNEY FEES

Magistrate Judge Craig B. Shaffer

This civil action is before the court on Plaintiff Miranda's "Motion for Attorney Fees Pursuant to the Equal Access to Justice Act" (doc. #24) filed July 18, 2011. Pursuant to the Order of Reference dated August 10, 2011 (doc. # 28) and the memorandum dated August 10, 2011 (doc. #29), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Defendant's Response (filed July 26, 2011) (doc. #26), the pleadings, briefs, record, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

The background of this case is summarized as follows from Judge Martinez's "Order Reversing Administrative Law Judge's Decision and Remanding Case for Further Proceedings" filed on April 18, 2011 (doc. #21):

> In 2006, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability as of November 25, 2006, when she was 41 years old. She claimed disability due to herniated discs, knee problems, and degenerative disc disease. Plaintiff has a high school equivalency GED and has worked in the past as a housekeeping cleaner and head or supervisory housekeeper.

> Plaintiff's applications were denied on June 5, 2007. Her claim was heard by an ALJ on August 20, 2008. Plaintiff and a vocational expert (VE), Marin L. Rauer, testified at the hearing.
> On December 23, 2008, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 25, 2006. At step two, he found that Plaintiff suffered from the following severe impairments: degenerative disc disease, osteoarthritis, and obesity. At step three, the ALJ found that Plaintiff's impairments, while severe, did not meet any of the impairments listed in the social security regulations. At step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform "light work" as defined in the regulations, except she could lift 15 pounds frequently and 25 pounds occasionally and would need to change positions approximately every two hours. Given this RFC, the ALJ found that Plaintiff could perform her past relevant work as a housekeeping cleaner and supervisory housekeeper. Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and, thus, not entitled to benefits. The Appeals Council denied Plaintiff's request for review on May 7, 2009. Plaintiff then filed [an action with the District Court] seeking review of the Commissioner's decision.

(*See* doc. #21 at 1-3) (footnotes omitted). The District Court found "that the ALJ erred by not properly addressing the opinions of Plaintiff's treating physicians," reversed the determination that Plaintiff is not disabled, and remanded the matter for further proceedings pursuant to 42 U.S.C. § 405(g).[1] (*See* doc. #21 at 7). Plaintiff now seeks attorney fees under the Equal Access to Justice Act ("EAJA"). (*See* doc. #24).

II.     Standard of Review

A party is entitled to attorney fees pursuant to EAJA if she is a prevailing party, "unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). A party is considered a prevailing party if she obtains a remand under 42 U.S.C.

---

[1]"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

§ 405(g), which occurs when the court makes a judgment about whether the Commissioner's decision was properly made. *Hartter v. Apfel*, 1998 WL 208871, at *1 (10th Cir. 1998); *Brown v. Shalala*, 1995 WL 462212, at *2 (D. Kan. 1995) (citing *Shalala v. Schaefer*, 113 S. Ct. 2625, 2631-32 (1993)). In the case of such a judgment, the party is considered a "prevailing party" for purposes of EAJA fees, "regardless of whether [s]he later succeeds in obtaining the requested benefits." *Brown*, 1995 WL 462212, at *2 (citing *Schaefer*, 113 S. Ct. at 2631-32). The government's position is considered "'substantially justified' if it had a reasonable basis both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 563 (1988). As such, the position must be "justified to a degree that could satisfy a reasonable person," but this does not require that the government's position be correct. *Id.* at 565, 566 n.2. The burden of proof for showing that the government's position was substantially justified lies with the Commissioner. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).

III.   Analysis

A.   Entitlement to Attorney Fees

In the instant case, Judge Martinez reversed the ALJ's determination that Miranda is not disabled and remanded the case, thus qualifying Miranda as a "prevailing party" for purposes of determining whether she should be granted EAJA fees at this time. *See Harrold v. Astrue*, 372 F. App'x 903, 904 (10th Cir. 2010) (finding that since the defendant obtained a remand under sentence four of 42 U.S.C. § 405(g), he is a prevailing party for EAJA purposes).

EAJA fees may only be granted to a prevailing party if the government's position was not justified. *See* 28 U.S.C. § 2412(d)(1)(A). Miranda asserts that the government's position was not substantially justified because the ALJ did not fully consider the opinions of the Plaintiff's

treating physicians. (*See* doc. # 24 at 2; doc. #25 at 1, 4). The Code of Federal Regulations sets forth the following requirements for weighing medical opinions:

> If we find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(d)(2). "An ALJ may . . . discount a physician's opinion; however, the treating physician rule mandates that the ALJ do so by setting forth specific, legitimate reasons." *Jenkins v. Chater*, 1996 WL 145677, at *2 (10th Cir. 1996); *see also Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (noting that the testimony of the claimant's physician must be given substantial weight unless good cause is shown to the contrary, in which case, specific, legitimate reasons must be provided for disregarding the testimony). Thus, the ALJ must explain why he gave the weight he did to the treating physician's opinion. Even though the treating physician's opinion generally should be given more weight, the ALJ is not required to give it controlling weight. However, the opinion may not be rejected unless the ALJ provides the reasoning for the weight that was given. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

Judge Martinez found that the ALJ's assessment did not ignore the treating physicians' opinions completely, but gave the opinions such cursory consideration it is nearly impossible to tell "whether the ALJ overlooked [the] restrictions, ignored them altogether, or what weight if any, he gave them." (*See* doc. #21 at 5). Judge Martinez found that the requirement that the ALJ give good reasons for the weight assigned to the opinion or "specific, legitimate reasons" for

rejecting the opinion, was not satisfied here, citing *Watkins*, 350 F.3d at 1301. (*See id.*). Although the Defendant provides reasons for the ALJ's cursory treatment of these physicians' opinions in the "Response to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act" (doc. #24), Judge Martinez found these *post-hoc* explanations did not "correct" the ALJ's shortcomings for purposes of this analysis. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005). Because Judge Martinez found that the Defendant failed to explain the weight, if any, given to the treating physicians' opinions, Defendant's position was not substantially justified.

B.      Reasonableness of Attorney Fees

"Attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The burden of proving that the fees are reasonable falls to the Plaintiff's attorney. *Cruz v. Astrue*, 2011 WL 1157463, at *6 (N.D. Ind. 2011); *cf. Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."). The Defendant has not objected to Miranda's fee request. Even when the Commissioner does not object to the fees, as here, the court may determine whether the fees are reasonable. *Davis v. Astrue*, 2009 WL 3923899, at *2 (W.D. Ark. 2009). Attorneys must submit documentation sufficient to show hours worked, details of the work, and the rate claimed. 28 U.S.C. § 2412(d)(1)(B). Counsel in this case submitted the necessary documentation showing that the amount of hours worked was reasonable, and requested fees at a rate of $173.75 per hour based on her calculations using the Consumer Price Index ("CPI"). (*See* doc. #24-2). The district court may authorize an increase of

the hourly rate "as long as the CPI is submitted," but has the discretion to decide whether to grant such an increase. *Davis*, 2009 WL 3923899, at *3. Although no official reporting of the CPI is included in the attorney's materials, all other necessary information was submitted. Additionally, other courts have awarded fees at the same or nearly identical rate. *See, e.g. Garver v. Astrue*, 2011 WL 4852442, at *1 (D. Colo. 2011) (awarding fees at an hourly rate of $173.37); *Stanley v. Astrue*, 2011 WL 1344416, at *2-3 (D. Colo. 2011) (awarding fees at an hourly rate of $175.27); *Cruz*, 2011 WL 1157463, at *2, 6 (awarding fees at an hourly rate of $173.75). Thus, the court determines that the requested fees are reasonable.

   Accordingly, IT IS ORDERED that:

   1. Plaintiff's "Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act" (filed July 18, 2011) (doc. #24) is GRANTED.

   2. Plaintiff is awarded attorney fees pursuant to the EAJA in the amount of $5,840.62, to be made payable to Plaintiff, Rebecca Miranda, and mailed to counsel of record.

**Advisement to the Parties**

   Within fourteen days after service of a copy of a Magistrate Judge's order, any party may serve and file written objections to the order. Fed. R. Civ. P. 72(a). "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Failure to make timely objections to the Magistrate Judge's order(s) may bar review by the District Judge and will result in a waiver

of the right to appeal. *See* Fed. R. Civ. P. 72(a) ("a party may not assign as error a defect in the order not timely objected to"); *S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1269 (10th Cir. 2010) (failure to object to Magistrate Judge's order "strips us of jurisdiction to review the challenged order") (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) ("[p]roperly filed objections resolved by the district court are a prerequisite to our review of a magistrate judge's order under 28 U.S.C. § 636(b)(1)(A)")); *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004) ("If the parties fail to make timely objection, they 'waive[ ] appellate review of both factual and legal questions.'") (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

DATED at Denver, Colorado, this 18th day of November, 2011.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge